**STOLLER v. COSTEN.**
No. 10909.

United States Court of Appeals
Sixth Circuit.

Dec. 10, 1949.

---

Harold R. Ratcliff, Memphis, Tenn., James E. Blount, Jr., Memphis, Tenn., for appellant.

Eulyse Smith, Memphis, Tenn., for appellee.

Before HICKS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

In this cause, the district court on March 7, 1949, entered final judgment for the appellee Trustee in Bankruptcy against appellant for $935.40, because an unlawful preference by the transfer of an automobile within four months prior to filing his petition in bankruptcy had been given appellant by the bankrupt.

On March 10, 1949, a notice of appeal was filed and, on April 7, 1949, the appellant filed a written transcript of the record with the clerk of this court; and, a week later, forwarded the required twenty-five dollar docket fee to the clerk, who, on April 18, 1949, transmitted the duplicate transcripts of the record to the attorney for appellant. On July 21, 1949, the attorney for appellee notified the clerk of this court that he had not received a printed copy of the record and that he desired to file a motion to dismiss. By letter of September 12, 1949, directed to the Clerk, the attorney for appellant stated that he had requested his client to furnish funds to pay the printer, but that his request had not been complied with and he had not ordered the record printed, because he did not feel that he, personally, should defray the expense of printing the record. He wrote, moreover, that he was unable to say whether the appeal had been abandoned, or whether appellant was simply having difficulty in raising funds necessary for printing the record. On October 17, 1949, the clerk wrote a letter to all attorneys in the case calling attention to the fact that no steps had been taken since April 18, 1949, and requesting advice as to whether the case should be placed on the calendar for hearing. In reply, the attorney for appellant wrote that appellant had not furnished him with any money to defray the cost of printing the record, though informed of the estimated cost, and had not given any indication as to whether he desired to abandon his appeal. The attorney stated again that he did not feel that he should, personally, pay for the necessary printing, that he still had the typewritten copy of the record sent him by the clerk, and would make such disposition of it as the clerk might direct. In the closing paragraph of his letter, the attorney for appellant said: "I feel that I have no authority to recommend any action whatever in this case. I suppose that the only thing to do is to call the matter to the attention of the Court for such action as it sees fit."

The cause is listed on the printed calendar of the court for the October, 1949, term.

On December 1, 1949, the appellee filed a motion to dismiss the appeal for failure of appellant to comply with Rule 20 of this Court, which provides in paragraph numbered 2: "The entire record shall be printed unless upon stipulation, or upon motion of either party, the court or a judge thereof directs that only designated portions be printed."

The attorney for appellant acknowledged service of the Motion to Dismiss on November 29, 1949, but has made no response to the motion.

In view of all the foregoing circumstances, we are of opinion that the appellant has been given full opportunity to comply with Rule 20 of this court, has given no

excuse for failure to comply, and apparently does not intend to comply.

Accordingly, we have reached the conclusion that the appeal should be, and is hereby ordered to be, dismissed with costs against appellant.